UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 22-23346-Civ-BLOOM/TORRES

AM CRESPI MIAMI LLC,

    *Plaintiff*,

vs.

CENTURY SURETY COMPANY,

    *Defendant*.

_____/

# REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION FOR ENTITLEMENT TO ATTORNEYS' FEES AND NON-TAXABLE COSTS

This matter is before the Court on Defendant's, Century Surety Company ("Defendant or Century"), Motion for Entitlement to Attorneys' Fees and Non-Taxable Costs Against the Plaintiff [D.E. 50]. Plaintiff, the insured under a Century property insurance policy, filed a Response in Opposition to the Motion ("Response"). Century filed a reply. The matter, which was referred for disposition, is thus ripe for adjudication. After studying yet another dispute under Florida's Offer of Judgment statute, caused by intervening changes in the insurance code that addressed property insurers like Century, the Court concludes that Century is entitled to seek attorneys' fees and non-taxable costs in this case under that statute. Plaintiff's theory, that the legislature nullified *sub silentio* the application of the statute when it amended a different statute dealing with attorneys' fees in property insurance cases, is likely

meritless. But regardless, the effect of the amended statutes that Plaintiff is relying on cannot be applied retroactively. It is hornbook Florida law that substantive rights cannot be affected by intervening changes in statutes unless the legislature expressly intended them to have retroactive effect in plain statutory language. It is undisputed here that the amendments to the insurance code at issue here included no such directive. Therefore, a substantive statute – like Florida's Offer of Judgment statute or more specific fee provisions targeting attorneys' fees in property insurance cases – cannot be retroactively applied. Under the law that applied when this insurance policy took effect, which is the dispositive period of time that Florida law imposes, the Offer of Judgment statute does empower Century to seek attorneys' fees for a settlement offer served and declined in this case.

## I.   BACKGROUND

On June 17, 2019, Plaintiff purchased commercial property, two buildings located at 8227 Crespi Blvd. and 8235 Crespi Blvd., Miami Beach, Florida. After purchasing the buildings, Plaintiff purchased property insurance from Century, which consisted of an "all risk" commercial surplus line insurance policy. That same policy was in effect from March 20, 2021 to March 20, 2022.

While this policy was providing coverage for the property, on or about January 15, 2022, the property was damaged by water intrusion that Plaintiff claims resulted from a sewer backup in the plumbing system. Plaintiff made a claim on the policy and Century investigated the loss. Six months later, on June 2, 2022, Defendant tendered payment of the $5,000.00 per location sub-limit to Plaintiff, totaling $10,000.00, pursuant to the Policy's Amendatory Endorsement

that applies to "sewer, drain or sump backup or overflow" occurrences. Plaintiff sued two months later seeking greater coverage damages for the full extent of the water losses, and claiming that the Endorsement did not limit the claim to these small amounts because it was ambiguous and had to be interpreted in a light more favorable to the insured.

Century took the position at an early stage of the loss that no coverage beyond $10,000 would ever be possible. So, on March 31, 2023, under the provisions of the Offer of Judgment statute, Fla. Stat. § 768.79, Century served an Offer in the total amount of $20,000 for a full and final settlement of the case. Plaintiff rejected the Offer by failing to accept it within 30 days. As the litigation proceeded through discovery, and after tendering the $10,000, the case proceeded to summary judgment. Finding that the Endorsement was not in fact ambiguous, the Court found that Century had not breached the contract and was thus entitled to Judgment on the complaint. [D.E. 48].

This motion, timely filed after the Final Judgment entered in Century's favor, claims entitlement to the attorneys' fees and non-taxable costs incurred after its March offer was rejected. The Plaintiff's zero recovery on the claim triggered an award of fees under section 768.79. In response to this motion, however, Plaintiff argues that changes to the insurance code enacted by the legislature in 2021 stripped section 768.79's fee provisions from having any application to this property insurance coverage action. Century argues in reply that Plaintiff's theory ignores well established Florida law that precludes Plaintiff from at all benefitting from

changes to this statute for a pre-existing policy that is governed by the law in effect at the time the policy was bound. And that means that section 768.79 was fully operative in coverage actions like this one. Moreover, Century argues that Plaintiff's reading of the 2021 amendments is wrong in any event.

## II.   ANALYSIS

There is no challenge for purposes of this motion to any specific defect in either the form of the March offer of settlement or the manner in which the statute, section 768.79, enforces that offer in the normal course. Yet, Plaintiff insists that no fees are due based on the legal effect of *other* Florida fee statutes. Specifically, Plaintiff argues that changes to section 627.428 that were made effective *after* the policy issued but before the complaint was filed (from July 1, 2021, to December 15, 2022) (referred to here for simplicity as the "2021-2022 Fee Statute"), entirely eliminated a party's right to recover attorney's fees and costs under section 768.79 in a property insurance lawsuit.

### A.   *Florida Law on Fees That Applied When the Policy Issued*

In insurance cases like this one, at the time this policy was bound in March 2021 Florida law provided two principal means by which a party to an insurance coverage action could recover attorney's fees. Fla. Stat. § 627.428(1) provided the first and primary basis under which an insured could seek fees:

> Upon the rendition of a judgment or decree by any of the courts of this state against an insurer and in favor of any named or omnibus insured or the named beneficiary under a policy or contract executed by the insurer, the trial court or, in the event of an appeal in which the insured or beneficiary prevails, the appellate court shall adjudge or decree against the insurer and in favor of the insured or beneficiary a reasonable sum as fees or compensation for the insured's or beneficiary's

attorney prosecuting the suit in which the recovery is had.

Id. § 627.428(1) (effective October 1, 2019, to June 30, 2021).

That statute, by its plain terms, only applied for the benefit of insureds in insurance coverage cases. *See, e.g., Danis Industries Corp. v. Ground Improvement Techniques, Inc.*, 645 So. 2d 420, 421 (Fla. 1994) (section 627.428 "is a one-way street offering the potential for attorneys' fees only to the insured or beneficiary" in order "to discourage insurers from contesting valid claims and to reimburse successful policy holders forced to sue to enforce their policies.").

Insurance companies, however, could rely on other statutes if they applied. For instance, a frivolous action could trigger fees under Fla. Stat. § 57.105. For most other cases, insurance companies could receive fees if they offered to settle lawsuits with insureds in good faith. Section 768.79 applied to those situations and permitted an award of fees if a plaintiff/insured unsuccessfully pursued a claim in the face of a reasonable settlement offer. In insurance cases or any other tort case, this statute created a right to recover reasonable costs and attorney fees when a party satisfied the terms of the statute and rule. *E.g., Attorneys' Title Ins. Fund, Inc. v. Gorka,* 36 So. 3d 646, 649-50 (Fla. 2010) (citing *MGR Equipment Corp. v. Wilson Ice Enters., Inc.*, 731 So. 2d 1262, 1263 (Fla. 1999); *Willis Shaw Express, Inc. v. Hilyer Sod, Inc.*, 849 So. 2d 276, 278 (Fla. 2003)). From the statute's earliest days, Florida courts understood that both insureds *and* insurance carriers could seek reimbursement of fees under the statute so long as it was strictly applied. *See, e.g., State Farm Mut. Auto. Ins. Co. v. Nichols,* 932 So. 2d 1067, 1075 (Fla. 2006) *Sarkis v. Allstate Ins. Co.*, 863 So. 2d 210, 218 (Fla. 2003); *Rabatie v. U.S. Sec. Ins. Co.*, 581 So. 2d 1327 (Fla. 3d

DCA 1989). And, most notably here, that was also true for insurance cases involving property insurance claims. *See, e.g., Pennsylvania Lumbermens Mut. Ins. Co. v. Sunrise Club, Inc.,* 711 So. 2d 593, 594 (Fla. 3d DCA 1998).

Lastly, it is important to emphasize the substantive nature of this specific statute. Most significantly for purposes of this motion, section 768.79 was a substantive Florida statute that was expressly in derogation of the common law principle that each party pays its own attorneys' fees. Hence, Florida courts were tasked with strictly construing the language of the statute when reviewing its requirements and enforcing the triggering mechanisms. *See, e.g., Willis Shaw*, 849 So. 2d at 278.

That is true in federal court as well. Unlike a purely procedural mechanism that, under the *Erie* doctrine, does not apply to a federal case in diversity, federal courts must apply state substantive law. And in this respect the Florida Supreme Court resolved any doubt and repeatedly held in various contexts that section 768.79 was a substantive provision of Florida law. *E.g., Southeast Floating Docks v. Auto-Owners Ins. Co.,* 82 So. 3d 73, 80-81 (Fla. 2012).

Hence, the Eleventh Circuit has directed that the statute be enforced by any federal court sitting in diversity and applying Florida law. *See, e.g., Straub v. 160 Royal Palm, LLC (In re 160 Royal Palm, LLC),* No. 22-13592, 2023 WL 5193506, at *3-4 (11th Cir. Aug. 14, 2023) ("we start with whether the Florida Offer of Judgment Statute ever applies in bankruptcy proceedings. It turns out that it can apply in bankruptcy, sometimes. This is because the Florida statute is a substantive state law,

. . ."); *Primo v. State Farm Mut. Ins. Co.,* 661 F. App'x 661, 664 n.4 (11th Cir. 2016); *Menchise v. Akerman Senterfitt,* 532 F.3d 1146, 1150 (11th Cir. 2008); *McMahan v. Toto,* 256 F.3d 1120, 1132 (11th Cir. 2001), *amended on reh'g,* 311 F. 3d 1077 (11th Cir. 2002) (applying section 768.79 and holding "[i]t is clear that statutes allowing for recovery of attorney's fees are substantive for *Erie* purposes.").

As will be clear in a moment, the unabashedly substantive nature of this statute makes a dispositive difference in the outcome of the pending motion.

### B.    *Section 627.428 was Prospectively Amended in June 2021*

In the course of legislative proceedings designed to tackle the State's "insurance crisis," the legislature enacted several reforms that were signed into law by the Governor. Specifically, on June 11, 2021, Senate Bill 76 was enacted that added the following sentence to section 627.428(1) effective July 1, 2021: "In a suit arising under a residential or commercial property insurance policy not brought by an assignee, the amount of reasonable attorney fees shall be awarded only as provided in s. 57.105 or s. 627.70152, as applicable." Fla. Sess. Law Serv. Ch. 2021-77.[1]

Senate Bill 76 was a comprehensive bill focusing on property insurance which also enacted another provision, Fla. Stat. § 627.70152, which in turn mandated that a notice of intent to initiate litigation be filed from which courts would be able to discern relevant information and apply a calculation of a fee quotient depending on

---

[1] Effective May 26, 2022, the Legislature amended the last sentence of section 627.428(1) to remove the phrase, "not brought by an assignee." 2022 Fla. Sess. Law Serv. Ch. 2022-268. That version of the statute was effective until December 15, 2022.

the ultimate outcome of the case. Given the comprehensive nature of this legislative change, Plaintiff concludes that following this enactment "matters arising under a residential or commercial property insurance policy only have two statutory methods of obtaining prevailing party fees: Sections 627.70152 or 57.105, Florida Statutes." In other words, because the language used in the statute was so mandatory and exclusive in nature, any fee in connection with a property insurance claim could run "*only*" through the prism of a section 70152 award or a frivolousness sanction under section 57.105. Notably, the legislature made no reference to section 768.79 or any other fee statute within the body of this provision. So, the argument goes, the legislature had to have intended to supersede over thirty years' worth of caselaw and preclude from that date forward any fee award in a property insurance case under section 768.79.

Century counters first by insisting that the original version of section 627.428 (last amended in 2019 and effective through June 2021) provides the rule of decision in this case. This version of the statute was in effect when this all risk insurance policy was issued on March 20, 2021. And as a result, only that pre-amendment version of the statute could govern this case, meaning that Plaintiff's theory is a non-starter. Both that original version of 627.428 *and* section 768.79 (which were not affected by any "exclusivity" amendment) governed this policy. So even if Plaintiff is correct in theory, that does not change anything here because this case is governed by these two provisions in effect on March 20, 2021.

No doubt, section 627.428 is deemed incorporated into every insurance policy issued in Florida. *See State Farm Fire & Cas. Co. v. Palma*, 629 So. 2d 830, 832 (Fla. 1993) ("[T]he terms of section 627.427 are an implicit part of every insurance policy issued in Florida."). Hence Century has a strong argument that the version of the statute in effect at the time the Policy was issued – the 2019-2021 Fee Statute – controls the substantive issues in this case. *See Procraft Exteriors, Inc v. Metro. Cas. Ins. Co.*, 219CV883FTM38MRM, 2020 WL 5943845, at *3 (M.D. Fla. May 13, 2020) (denying carrier's motion to strike Plaintiff's claim for fees under section 627.428 and holding that "because [section 627.428] was the effective statute when the insurance policy was issued in this case, [section 627.428] controls any substantive issues arising out of the contract").

Indeed, the premise behind this conclusion lies with the now understood substantive nature of both these provisions. These are not procedural rules; they are substantive legal rights that arise from the legislature's policy decision to modify the traditional American Rule. "In the absence of clear legislative intent, a law affecting substantive rights is presumed to apply prospectively only while procedural or remedial statutes are presumed to operate retrospectively." *Basel v. McFarland & Sons, Inc.*, 815 So. 2d 687, 692 (Fla. 5th DCA 2002) (citing *Young v. Altenhaus*, 472 So. 2d 1152 (Fla. 1985)).

Specifically, Florida courts have always held that section 627.428 is substantive law. *See, e.g., Bitterman v. Bitterman*, 714 So. 2d 356, 363 (Fla. 1998) ("The ability to collect attorney's fees from an opposing party, as well as the obligation

to pay such fees, is substantive in nature."); *L. Ross, Inc. v. R.W. Roberts Constr. Co., Inc.*, 481 So. 2d 484, 485 (Fla. 1986) ("The right to attorney fees is a substantive one."). And "[t]he Legislature . . . has created a substantive right to attorney's fees in section 768.79 on the occurrence of certain specified conditions." *TGI Friday's, Inc. v. Dvorak*, 663 So. 2d 606, 611 (Fla. 1995). *See also Starboard Cruise Services, Inc. v. DePrince*, 259 So. 3d 295, 298 (Fla. 3d DCA 2018) (recognizing that "Section 768 .79 creates a substantive right to attorney's fees").

It then follows that, because both sections 627.428 and 768.79 provide substantive rights to attorney's fees, the statutory amendment to 627.428 restricting fees except for "as provided in s. 57.105 or s. 627.70152," cannot possibly be applied retroactively. *See Menendez v. Progressive Express Ins. Co., Inc.*, 35 So. 3d 873, 876 (Fla. 2010) (quoting *Hassen v. State Farm Mut. Auto. Ins. Co.*, 674 So. 2d 106, 108 (Fla.1996)) ("'[T]he statute in effect at the time an insurance contract is executed governs substantive issues arising in connection with that contract.'").

In *Menendez*, for instance, the Florida Supreme Court held that a statutory amendment could not apply retroactively because it allowed "an insurer to avoid an award of attorneys' fees, which constitutes a substantive change to the statute in effect at the time the insureds' insurance policy was issued." *Id.* at 879. In that case, the amendment was to a different portion of the Code, namely section 627.736, which added certain pre-suit notice requirements for a PIP claim and enlarged the time to pay an overdue claim. That additional time period affected a claim of attorneys' fees to the insured and thus was deemed a substantive change to the statute. The court

noted that "this Court has generally held that statutes with provisions that impose additional penalties for noncompliance or limitations on the right to recover attorneys' fees do not apply retroactively." *Id.* at 878.

Given the Court's explanation for why changes like this to the Insurance Code can have substantive (and hence non-retroactive) application, we are hard pressed to see how the 2021 amendment to section 627.428 could not be deemed equally non-retroactive. This amendment affected the manner in which fees could be awarded and the prerequisites for such an award. In some cases, a viable pre-amendment fee claim could be extinguished after the 2021 amendment. Under *Menendez*, "the extinguishment of a statutory right to attorneys' fees is a substantive change to a statute." *Sulzer v. Am. Integrity Ins. Co. of Fla.*, 2024 Fla. App. LEXIS 124, *9 (Fla. 6th DCA Jan. 8, 2024). And, if Plaintiff's theory is correct – that this version of 627.428 necessitates by implication that section 768.79 is no longer an available vehicle for fees in a property insurance case – then that *sub silentio* result could not possibly be enforced in a retroactive manner.

Indeed, even if the legislature did include express language in the amendment requiring retroactive application of the revised statute, under *Menendez* that provision would be unenforceable in any event. The test to apply in this arena is two-pronged: first, whether the Legislature intended for the statute to apply retroactively; and second, "if such an intent is clearly expressed the Court must determine whether retroactive application would violate any constitutional principles." *See Menendez*, 35 So. 3d at 877 (citing *Metro. Dade County v. Chase Fed.*

*Hous. Corp.*, 737 So. 2d 494, 499 (Fla. 1999)).

As to the latter prong of this inquiry, "this Court will reject [a retroactive] application if the statute impairs a vested right, creates a new obligation, or imposes a new penalty. . . . Therefore, the central focus of this Court's inquiry is whether retroactive application of the statute 'attaches new legal consequences to events completed before its enactment.' . . . *In order to answer this question, we compare section 627.736 as it existed at the time the insureds' insurance policy was issued with the 2001 amendment.*" *Id.* at 877-78 (citations omitted) (emphasis added).

Applying this reasoning here, we agree that Plaintiff is hanging its hat on an amendment to a statute that was in effect for less than a year from July 1, 2021, to December 15, 2022, but importantly one that took effect after the "time the insureds' insurance policy was issued." We found no authority to dispel Century's argument that such a retroactive application is barred by *Menendez* and the authorities cited therein. Nor has Plaintiff cited any supporting cases for its part; indeed, Plaintiff's response largely ignores this retroactive application issue and deems ipse dixit the matter closed. Not so.

We also note that this short-lived amended statute was repealed in its entirety effective March 24, 2023 – *before* Century's service of its Offer on March 31, 2023. Hence Plaintiff is asking us to blindly draw multiple suppositions. First, the amended statute before its repeal governs despite the fact Plaintiff's policy was already in effect. And, second, that its repeal before the offer at issue was ever served changes nothing. Plaintiff has failed to articulate any persuasive basis for this magic

trick.  Plaintiff understandably is trying to avoid having to pay any fees in this case, but this unsupported theory does not support such a heavy load.

Rather, Florida law unequivocally supports Century's position that the 2019-2021 Fee Statute applies because, as per *Menendez*, that version of the statute was in effect at the time the Policy was issued on March 20, 2021. *See also Baptist Coll. of Florida Inc v. Church Mut. Ins. Co.* No. 5:22CV158, 2023 WL 4358785, at *6 (N.D. Fla. June 23, 2023) ("Having determined that the December 2022 amendment to section 627.428 cannot be applied retroactively, this Court now applies section 627.428 at the time the parties executed their insurance agreement in 2017.") (citing *Menendez*, 35 So. 3d at 877).

Therefore, we are bound to enforce sections 627.428 and 769.79 as we find them on the effective date of this insurance policy.  On that date, there can be no doubt that Florida law granted Century a substantive lawful right to seek attorney's fees and costs incurred from the date of the Offer under section 768.79. *See, e.g., Muegge v. Heritage Oaks Gulf & Country Club, Inc.,* 2006 WL 1678840 at *2 (M.D. Fla. 2006) ("If [a] plaintiff rejects an offer that complies with the requirements of Fla. Stat. § 768.79 and does not obtain a judgment against the defendant, the court must award the defendant its fees and costs, unless the court, in its discretion, determines that the offer was not made in good faith.").[2]

---

[2] Plaintiff has abandoned any argument suggesting the absence of good faith. *See Camejo v. Smith*, 774 So. 2d 28 (Fla. 2d DCA 2000) ("The burden is on the offeree to prove the absence of good faith."). The Response makes no mention of this issue as a basis to deny the motion.  In any event, there is no basis to conclude that Century's offer of judgment made to the Plaintiff was in any way unreasonable or made in bad

Finally, we note that Century makes an equally persuasive argument, in the alternative, that even if this retroactivity problem was set aside Plaintiff's opposition to the motion would still fail under the 2021-2022 version of section 628.428. Simply put, it makes little sense to enact a statute wherein the primary thrust is to limit a plaintiff's ability to collect exorbitant attorney's fees, but then, in the same statute, punish an insurance carrier by quietly removing its longstanding statutory right under section 768.79 to collect its own attorney's fees where a case should have settled. This would be contrary to the well-settled purpose of the Offer of Judgment Statute. *See also MGR Equip. Corp., Inc. v. Wilson Ice Enterprises, Inc.*, 731 So. 2d 1262, 1264 (Fla. 1999)) ("The purpose behind the offer of judgment statute is to encourage early settlement and termination of the litigation.").

Not surprisingly, Plaintiff cites no caselaw in support of its position. It relies instead on the facial appeal of hoisting the insurance industry by its own petard (i.e., denying an insurance carrier's fees based on a statutory reform that the industry was fully behind). But the Court's review of the history behind these amendments and Florida caselaw demonstrates that Plaintiff's legal position cannot be sustained. We need not delve into this second argument any further, however, because it is entirely moot given our discussion above.

---

faith. To the contrary, it appears to have been twice the amount that Century was lawfully obligated to pay under this policy.

### III.   CONCLUSION

The 2021-2022 Fee Statute does not apply here because the subject insurance policy was issued prior to the effective date of that statute. Applying the 2019-2021 Fee Statute – the statute in effect when the Policy was issued – it is undisputed that Century is entitled to attorney's fees and costs incurred from March 31, 2023, the date the Offer was served, pursuant to Fla. Stat. § 768.79.

Accordingly, the pending motion should be **GRANTED**. The Court will stay resolution of the amount of the award, and compliance with Local Rule 7.3, until such time as this Report and Recommendation is adopted.

Pursuant to Local Magistrate Rule 4(b) and Fed. R. Civ. P. 73, the parties have fourteen (14) days from service of this Report and Recommendation within which to file written objections, if any, with the District Judge. Failure to timely file objections shall bar the parties from *de novo* determination by the District Judge of any factual or legal issue covered in the Report *and* shall bar the parties from challenging on appeal the District Judge's Order based on any unobjected-to factual or legal conclusions included in the Report. 28 U.S.C. § 636(b)(1); 11th Cir. Rule 3-1; *see, e.g., Patton v. Rowell,* 2017 WL 443634 (11th Cir. Feb. 2, 2017); *Cooley v. Commissioner of Social Security,* 2016 WL 7321208 (11th Cir. Dec. 16, 2016).

**DONE AND SUBMITTED** in Chambers at Miami, Florida, this 19th day of February, 2024.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
Chief United States Magistrate Judge