UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 22-23346-Civ-BLOOM/TORRES

AM CRESPI MIAMI, LLC,

    *Plaintiff,*

v.

CENTURY SURETY COMPANY,

    *Defendant.*

_____/

# REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION FOR ATTORNEYS' FEES AND COSTS

This cause comes before the Court on Defendant, Century Surety Company's ("Defendant") Motion for Attorneys' Fees and Non-Taxable Costs [D.E. 58] and Bill of Costs [D.E. 60 and 61] as against Plaintiff, AM Crespi Miami, LLC ("Plaintiff"). Plaintiff has not filed a response to Defendant's motions and the time do so has passed. Accordingly, the motions are ripe for disposition. After careful review of the motions, exhibits, evidence of record, and relevant authority, Defendant's motion for attorneys' fees and non-taxable costs should **GRANTED** and Defendant's bill of costs should be **GRANTED in part** and **DENIED in part**.[1]

---

[1] On May 18, 2024, the Honorable Beth Bloom referred these motions to the Undersigned Magistrate Judge for disposition. [D.E. 62].

1

## I. BACKGROUND

This case arises out of an insurance dispute for coverage of property that had been allegedly damaged by water. On March 31, 2023, pursuant to Fla. Stat. § 768.79, Defendant served an Offer of Judgment upon Plaintiff in the amount of $20,000.00. Plaintiff, by not accepting the offer within 30 days, rejected the offer.

Ultimately, summary judgment was entered in Defendant's favor. [D.E. 48]. Subsequently, Defendant filed a motion for entitlement to attorneys' fees and non-taxable costs for the period after the March offer was rejected. [D.E. 50]. The Court granted that motion, affirming this Court's Report and Recommendation, and held that Defendant was entitled to said attorneys' fees and costs. [D.E. 55, 57].

Thus, Defendant has filed the pending motion and bill of costs seeking $77,087.50 in attorneys' fees, $12.969.00 in "non-taxable" costs, and $2,933.76 in taxable costs. Plaintiff has filed no response in opposition. We have conducted an independent review of the record to verify that the amounts should be awarded.

## II. ANALYSIS

We will first assess the amount in attorneys' fees to which Defendant is entitled before analyzing costs.

### A. *Attorneys' Fees*

In determining an appropriate fee award, we employ the lodestar method. *See City of Burlington v. Dague*, 505 U.S. 557, 562 (1992) ("The 'lodestar figure has, as its name suggests, become the guiding light of our fee-shifting jurisprudence. We have established a 'strong presumption' that the lodestar represents the 'reasonable' fee").

This method allows for a reasonable estimate of the value of an attorney's service because the movant submits evidence "supporting the hours worked and rates claimed." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). If the movant's documentation of hours worked is inadequate, "the district court may reduce the award accordingly." *Id*.

The lodestar method requires the Court to first determine an attorney's reasonable hourly rate, and to multiply that rate by the number of hours reasonably expended. *See, e.g., Loranger v. Stierheim,* 10 F.3d 776, 781 (11th Cir. 1994); *Norman v. Housing Auth. Of Montgomery,* 836 F.2d 1292, 1299 (11th Cir. 1988); *see also Harbaugh v. Greslin,* 365 F. Supp. 2d 1274, 1279 (S.D. Fla. 2005). Following the Court's calculation, "the court must next consider the necessity of an adjustment for results obtained." *Norman*, 836 F.2d at 1302. Accordingly, when awarding fees, the Court must allow meaningful review of its decision and "articulate the decisions it made, give principled reasons for those decisions, and show its calculation." *Id*. at 1304 (citation omitted).

In awarding attorneys' fees, "courts are not authorized to be generous with the money of others, and it is as much the duty of courts to see that excessive fees and expenses are not awarded as it is to see that an adequate amount is awarded." *ACLU of Georgia v. Barnes,* 168 F.3d 423, 428 (11th Cir. 1999). Courts, however, have considerable discretion when determining whether a party to a case should receive a fee award. *See Cullens v. Georgia Dept. Of Transp.,* 29 F.3d 1489, 1492-1493 (11th

Cir. 1994) (emphasizing that the district court is "empowered to exercise discretion in determining whether an award is to be made and if so its reasonableness.").

An award must be reasonable and must fall within the guidelines for fee awards promulgated by the Eleventh Circuit. *See Norman*, 836 F.2d at 1299-1302. It is consequently within a court's ultimate discretion to adjust the fees to an amount it deems proper according to the Eleventh Circuit's parameters. *See, e.g., Columbus Mills, Inc. v. Freeland,* 918 F.2d 1575, 1580 (11th Cir. 1990) ("[T]he *Norman* Court left to the discretion of the district court the decision of whether to prune excessive hours"); *Cullens,* 29 F.3d at 1492 ("[W]e reemphasize that the district court has discretion in determining the amount of a fee award. This is appropriate in view of the district court's superior understanding of the litigation and the desirability of avoiding frequent appellate review of what essentially are factual matters.") (quotation omitted).

### *1.     The Reasonable Hourly Rate*

The first step is to consider the reasonable hourly rate. This rate is defined as the "prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience and reputation." *Laranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994) (quoting *Norman*, 836 F.2d at 1299). The relevant market is "the place where the case is filed." *ACLU of Georgia*, 168 F.3d at 427 (internal quotation marks and citations omitted). The relevant legal community here is South Florida.

Several factors may be considered in arriving at that prevailing market rate, as set forth in *Johnson v. Georgia Highway Express, Inc.* 488 F.2d 714, 717-719 (5th Cir. 1974). The movant is required to submit to the Court satisfactory evidence to establish that the requested rate accurately reflects the prevailing market rate. *See Duckworth v. Whisenant,* 97 F.3d 1393, 1396 (11th Cir. 1996); *Norman,* 836 F.2d at 1299 (finding that the burden lies with fee applicant "of producing satisfactory evidence that the requested rate is in line with prevailing market rates" and "satisfactory evidence necessarily must speak to rates actually billed and paid in similar lawsuits."). Ultimately, the Court remains an expert on the issue of hourly rates in its community and may properly consider "its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." *Loranger,* 10 F.3d at 781 (quoting *Norman,* 836 F.2d at 1303).

Here, Plaintiff has raised no objection to Defendant's sought hourly rates. Those rates are as follows:

- **Michael Simon (Lead Partner):** $250.00
- **Paige Segrera (Partner)**: $220.00
- **Brian Jacobson (Senior Associate)**: $215.00
- **Brian McKell (Of Counsel)**: $220.00
- **Kelly Sims (Paralegal)**: $115.00
- **Michelle Yepez (Paralegal)**: $115.00

The Court finds each of these rates to be reasonable. For the two partners and of counsel, $220.00–$250.00 is a reasonable rate for insurance litigation in the South Florida community. *See Lender v. Geico Gen. Ins. Co.*, No. 09-22303-CIV, 2014 WL 12805694, at *3 (S.D. Fla. Oct. 31, 2014) (awarding $575.00 hourly rate to a partner in an insurance dispute); *Paxton v. Great Am. Ins. Co.*, 2009 WL 10667078, at *5 (S.D. Fla. Dec. 11, 2009) (finding an hourly rate of $350.00 to be a reasonable fee award in the area of insurance claim litigation and collecting similar insurance litigation cases in which hourly fees from $250.00–$315.00 were awarded).

Additionally, $215.00 for a Senior Associate in insurance disputes is also a reasonable rate in this community. *See Lanard Toys Ltd. v. Dolgencorp, LLC*, No. 3:15-CV-849-MMH-PDB, 2022 WL 1597276, at *16 (M.D. Fla. Feb. 2, 2022) (finding $350.00 associate rate to be reasonable in an insurance coverage dispute); *Westchester Gen. Hosp., Inc. v. Evanston Ins. Co.*, No. 19-22831-CIV, 2021 WL 7542946, at *4 (S.D. Fla. Feb. 19, 2021) (awarding hourly rates between $250.00 and $400.00 for an insurance dispute); *Brickell E. Condo. Ass'n, Inc. v. Indian Harbor Ins. Co.*, 2020 WL 869725, at *5 (S.D. Fla. Jan. 10, 2020) (awarding $250.00 hourly rates to associates).

Lastly, a $115.00 hourly rate for the two paralegals is not unreasonable, particularly where there is no objection. *See Dorvil v. Nationstar Mortg. LLC*, No. 17-23193-CIV, 2022 WL 395955, at *4 (S.D. Fla. Jan. 24, 2022), *report and recommendation adopted sub nom.*, No. 17-23193-CIV, 2022 WL 393881 (S.D. Fla. Feb. 9, 2022) ("[I]n light of Defendant's nonobjection to Plaintiff's hourly rates for … the paralegals, the undersigned concludes that their requested hourly rates [of

$125.00] are also reasonable."); *Purcella v. Mercantile Adjustment Bureau, LLC*, No. 18-cv-61268, 2019 WL 6462550 at *6 (S.D. Fla. Nov. 13, 2019) (finding $125.00 is a reasonable hourly rate for paralegal).

Thus, because each rate sought is reasonable—especially considering no objections from Plaintiff—the Court should award the rates sought by Defendant.

### *2. Hours Reasonably Expended*

Next, the lodestar analysis requires that we determine the reasonable number of hours expended in the litigation. *Norman*, 836 F.2d at 1301. The award must exclude compensation for hours "that would be unreasonable to bill to a client and therefore to one's adversary irrespective of the skill, reputation or experience of counsel." *ACLU of Georgia*, 168 F.3d at 428 (quoting *Norman*, 836 F.2d at 1301) (emphasis in original). The fee applicant bears the burden of establishing that the time for which compensation is sought was reasonably expended on the litigation and must provide the Court with specific and detailed evidence that will allow for an accurate determination of the amount of the fees to award. *Id*. If the fee applicant fails to exercise required "billing judgment," the Court is obligated to "[prune] out those [hours] that are 'excessive, redundant, or otherwise unnecessary.'" *Id*. The Court is presumed to be an expert in reviewing the number of hours expended on litigation for the purpose of attorney's fees. *Norman*, 836 F.2d at 1303.

The party opposing the fee application must satisfy his obligation to provide specific and reasonably precise objections concerning hours that should be excluded. *ACLU of Georgia*, 168 F.3d at 427. In the final analysis, however, "exclusions for

7

excessive or unnecessary work on given tasks must be left to the discretion of the district court." *Norman*, 836 F.2d at 1301.

Here, Defendant seeks 65.9 hours expended by Mr. Simon; 69 hours from Ms. Segrera; 183 hours from Mr. McKell; 33.6 hours from Mr. Jacobson; and 56.6 hours from Ms. Sims. Plaintiff has lodged no objection to these time entries, either specifically or at large.

Upon review of Defendant's supporting materials and taking into account the lack of objection, the Court finds that the time spent successfully litigating this case from the offer of judgment through summary judgment was reasonable. *See, e.g., Fla. Landmasters, LLC v. Am. Momentum Bank*, No. 8:11-CV-2285-T-17, 2013 WL 2477241, at *2 (M.D. Fla. June 10, 2013) ("There is no objection that the time expended by Appellee's counsel is excessive. Based on the Court's knowledge and experience, the Court finds that the amount of time expended is reasonable."); *Nat'l Comm'n for Certification of Crane Operators, Inc. v. Nationwide Equip. Training, LLC*, No. CV 17-0152-CG-M, 2021 WL 149846, at *3 (S.D. Ala. Jan. 15, 2021) ("The Court has reviewed the accounting submitted by Plaintiff's counsel and all of the time requested appears to have been reasonably incurred in enforcing the injunction. As such, and in light of there being no objection filed by Defendants, the Court finds that 17.2 hours were reasonably expended enforcing the injunction."); *Universal Commc'n Sys., Inc. v. Turner Broad. Sys., Inc.*, No. 05-20047-CIV-JORDAN, 2006 WL 950037, at *1 (S.D. Fla. Feb. 10, 2006) (awarding fees requested by the defendant where the "plaintiffs have not, even in boilerplate form, challenged the reasonableness of the

rate charged, hours expended, or costs incurred"); *Galbreath v. Hale Cnty., Alabama Comm'n*, No. CV 15-308-CG-N, 2017 WL 3584920, at *6 (S.D. Ala. Aug. 17, 2017), *aff'd*, 754 F. Appx. 820 (11th Cir. 2018) (awarding fees for 419.2 hours in light of no objection).

We thus recommend the Court grant Defendant's motion for fees in its full requested amount and award Defendant $77,087.50 in attorneys' fees as calculated in the motion.

### B. *Costs*

Next, we analyze Defendant's "non-taxable" costs and its Bill of Costs. Defendant seeks $12,969.00 in non-taxable costs for expert engineer professional services and expert depositions. Further, Defendant seeks $2,933.76 in taxable costs for fees of the clerk, fees for service of summons and subpoena, and fees for printed or electronically recorded transcripts, as well as post-judgment interest. Plaintiff has not objected to the costs sought by Defendant.

#### 1.  *Expert Witness Costs*

Defendant asserts that costs related to its expert witnesses constitute recoverable costs under Florida law. Specifically, Defendant points to Fla. Stat. § 768.79, which entitles a prevailing party "to recoverable costs … incurred … on the defendant's behalf." Further, Defendant illustrates that courts in both Florida and the Eleventh Circuit have interpreted this statute to include expert-witness-related fees as recoverable costs. *See Arnoul v. Busch Ent. Corp.*, No. 807-CV-1490-T-24MAP, 2008 WL 5341148, at *4 (M.D. Fla. Dec. 19, 2008) ("Expert witness fees may be

9

awarded as costs under § 768.79.") (citing *Walgreen Co. v. Sklandis*, 895 So. 2d 1201, 1202 (Fla. 3d DCA 2005)) (affirming movant's entitlement to fees and costs under § 768.79 "including the expert witness fee awarded").

Upon review of Defendant's supporting record and in light of no objection from Plaintiff, we find the costs sought for expert witness fees to be recoverable under Third District Court of Appeal precedent, *Walgreen*, 895 So. 2d at 1202. We also find the amount requested for such fees to be reasonable. *See Arnoul*, 2008 WL 5341148, at *4 ("Plaintiffs have not disputed these [expert witness] costs. As such, the Court considers Plaintiffs' lack of specific opposition to the expert witness fees as conceding that they are reasonable and appropriate under § 768.79. Therefore, the Court awards Defendant $3,375.00 in expert witness fees."); *Strait v. Busch Ent. Corp.*, No. 8:05-1864T24MAP, 2007 WL 496605, at *3 (M.D. Fla. Feb. 12, 2007) ("Defendant has submitted documentation to support its request for expert witness fees in the amount of $38,832.73. Expert witness fees may be awarded as costs under § 768.79. Plaintiffs have not argued that these costs should not be awarded for any reason other than that § 768.79 is inapplicable. As such, the Court considers Plaintiffs' lack of specific opposition to the expert witness fees as conceding that they are reasonable and appropriate under § 768.79. Therefore, the Court awards Defendant $38,832.73 in expert witness fees.").

Thus, we recommend the Court award Defendant $12,969.00 in recoverable non-taxable costs for expert witness fees incurred in the successful defense of the case.

### 2. *Taxable Costs*

Under Fed. R. Civ. P. 54(d)(1), a prevailing party is entitled to recover certain costs as a matter of course unless directed otherwise by a court or statute. A strong presumption exists in favor of awarding these taxable costs. *Id.* But a court may tax only those expenses enumerated in 28 U.S.C. § 1920. *See Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987) (absent explicit statutory or contractual authorization, federal courts are bound by the limitations set out in § 1920). "To defeat the presumption and deny full costs, a district court must have a sound basis for doing so." *Chapman v. AI Transp.*, 229 F.3d 1012, 1039 (11th Cir. 2000).

Pursuant to section 1920, a court may award the following costs:

> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title; and
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

i. <u>Costs of Clerk</u>

Defendant seeks $402.00 in fees of the clerk for removing this action and has provided supporting documentation. This cost is certainly recoverable, and especially where there is no objection. *See MC & VC Corp. v. Scottsdale Ins. Co.*, No. 21-CV-60729, 2022 WL 395763, at *1 (S.D. Fla. Jan. 24, 2022), *report and recommendation adopted*, No. 21-CV-60729-RAR, 2022 WL 393558 (S.D. Fla. Feb. 9, 2022) (holding

11

that "the filing fee paid by Defendant upon removal is clearly taxable under § 1920(1) as fees of the clerk"); *Romero v. Regions Fin. Corp./Regions Bank*, No. 18-22126-CV, 2019 WL 5212614, at *3 (S.D. Fla. Oct. 9, 2019) (same); *Newman v. Housing Auth. of City of Ft. Lauderdale*, 2007 WL 315098, at *2 (S.D. Fla. Jan. 31, 2007) ("28 U.S.C. § 1920(1) clearly allows for taxation of 'fees of the clerk,' and a removal fee is unquestionably a fee of the clerk."). Accordingly, we recommend that Defendant recover $402.00 for its removal fee.

    ii. *Service of Summons and Subpoenas*

Further, Defendant seeks $1,251.00 for service of summons and subpoenas. Specifically, Defendant's private process server served fourteen subpoenas. Problematically, eight of Defendant's invoices indicate rush fees. Because Defendant's have made no effort to explain why a rush fee would be appropriate or recoverable, the rush fees will be deducted from Plaintiff's recoverable costs. *See Rakip v. Paradise Awnings Corp.*, No. 10-20004-CIV, 2014 WL 12737632, at *3 (S.D. Fla. Jan. 2, 2014), *report and recommendation adopted*, No. 10-20004-CIV, 2022 WL 1320410 (S.D. Fla. May 3, 2022) (declining to tax rush fees where "Defendants have not sufficiently shown why it was necessary to serve the subpoenas at issue on a rush basis"); *James v. Wash Depot Holdings, Inc.*, 242 F.R.D. 645, 650 (S.D. Fla. 2007) ("At least part of each charge is for a 'rush fee,' which is not compensable").

Thus, we reduce the eight rushed subpoenas that exceed $65.00 down to $65.00 (the rate charged and permissible by the U.S. Marshal Service under 28 C.F.R § 0.114(a)(3)). We recommend the remaining six subpoenas—all of which are less than

12

$65.00—be awarded in full. *See Onemata Corp. v. Rahman,* No. 20-CV-62002, 2023 WL 6534501, at *13 (S.D. Fla. Aug. 23, 2023), *report and recommendation adopted*, No. 0:20-CV-62002-WPD, 2023 WL 5992139 (S.D. Fla. Sept. 15, 2023) (reducing objectionable subpoenas to $65.00 per subpoena, "the rate charged by the U.S. Marshal Service").

Accordingly, we recommend Defendant be awarded $811.00 for costs of serving subpoenas.

### iii. *Fees for Printed or Electronically Recorded Transcripts*

Defendant next seeks $1,280.76 for costs relating to deposition transcripts. Here, Defendant asserts that the two depositions were necessary for the case, an argument to which Plaintiff has filed no objection. We agree with Defendant, and therefore recommend an award of $1,280.76 for costs relating to the deposition transcripts. *See, e.g., Digennaro v. Malgrat,* No. 20-CV-10094, 2022 WL 368283, at *3 (S.D. Fla. Feb. 3, 2022), *report and recommendation adopted sub nom.*, 2022 WL 375827 (S.D. Fla. Feb. 8, 2022) ("Given that Plaintiff does not object to these costs and the depositions at issues were necessarily obtained for use in this case, the undersigned finds that these costs are recoverable, and Defendants are entitled to the $2,690.85 in costs for these depositions."); *Beyer v. Miami-Dade Cnty.*, No. 11-24285-CIV, 2020 WL 4275058, at *4 (S.D. Fla. June 1, 2020) (awarding costs that were undisputed and fell within "those categories of costs enumerated in § 1920").

13

### iv. *Post-Judgment Interest on Taxable Costs*

Lastly, Defendant seeks post-judgment interest on its taxable costs. There is no disputing that Defendant is entitled to post-judgment interest on costs upon entry of a judgment. *Monelus v. Tocodrian, Inc.*, 609 F. Supp. 2d 1328, 1339 (S.D. Fla. 2009) ("Defendant, as the prevailing party in this case, is statutorily entitled to post-judgment interest pursuant to § 1961, which provides for interest on any money judgment recovered in district court in a civil case. Thus, the Supreme Court and the Eleventh Circuit have explained, '[W]hen a district court taxes costs against a losing party, the award of costs bears interest from the date of the original judgment.'" (citing *BankAtlantic v. Blythe Eastman Paine Webber, Inc.,* 12 F.3d 1045, 1052 (11th Cir. 1994)) and (*Kaiser Aluminum & Chemical Corp. v. Bonjorno,* 494 U.S. 827, 835, 110 S.Ct. 1570, 108 L.Ed.2d 842 (1990))).

Here, Final Judgment was entered on October 10, 2023. [D.E. 48]. The federal post-judgment interest rate applicable for the week before the date of judgment is 5.44%. Thus, a post-judgment interest rate of 5.44% should be applied to Defendant's $2,493.76 award of taxable costs. *See* 28 U.S.C. § 1961(a) (Post-judgment "interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding.").

14

### *III.     CONCLUSION*

For the reasons set forth above, we recommend that Defendant's Motion for Attorney's Fees and Non-Taxable Costs [D.E. 58] should be **GRANTED**, and Defendant's Bill of Costs [D.E. 60] should be **GRANTED IN PART** and **DENIED IN PART**:

A. Defendant should be awarded $77,087.50 in attorneys' fees;

B. Defendant should be awarded $12,969.00 in costs for expert witness fees under Fla. Stat. § 768.79; and

C. Defendant should be awarded $2,493.76 in costs under 28 U.S.C. § 1920 plus post-judgment interest at an annual rate of 5.44%.

Pursuant to Local Magistrate Rule 4(b) and Fed. R. Civ. P. 73, the parties have fourteen (14) days from service of this Report and Recommendation within which to file written objections, if any, to the District Judge. Failure to timely file objections shall bar the parties from *de novo* determination by the District Judge of any factual or legal issue covered in the Report *and* shall bar the parties from challenging on appeal the District Judge's Order based on any unobjected-to factual or legal conclusions included in the Report. 28 U.S.C. § 636(b)(1); 11th Cir. Rule 3-1; *see, e.g., Patton v. Rowell,* 2017 WL 443634 (11th Cir. Feb. 2, 2017); *Cooley v. Commissioner of Social Security,* 2016 WL 7321208 (11th Cir. Dec. 16, 2016).

**DONE and SUBMITTED** in Chambers in Miami, Florida, this 28th day of May, 2024.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge